## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 24 2019, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Dale Murphy
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dale Murphy, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 24, 2019 <br><br> Court of Appeals Case No. 18A-CR-1842 <br><br> Appeal from the Clay Superior Court <br><br> The Honorable J. Blaine Akers, Judge <br><br> Trial Court Cause No. 11D01-1306-FA-419 |

**Altice, Judge.**

### Case Summary

Dale Murphy, pro se, appeals from the trial court's denial of his Petition for Jail Time Credit (Petition) related to his conviction and sentence for Class A felony conspiracy to commit murder. The State correctly observes, however, that Murphy had already been granted the time requested. Thus, the Petition was properly denied.

We affirm.

## Facts & Procedural History

On September 8, 2014, Murphy entered into a plea agreement with the State, pleading guilty to Class A felony conspiracy to commit murder in exchange for an agreed sentence and the dismissal of another criminal cause. The trial court approved the plea agreement and sentenced Murphy accordingly, on October 8, 2014, to twenty years in prison with two of those years suspended to probation. The trial court granted Murphy credit for 660 days actually served and 660 days of earned credit. *See Appendix* at 24 (Sentencing Order provides: "The Defendant is given credit time for 660 actual days (December 17, 2012 through October 7, 2014) previously served and is entitled to good time credit, if earned."); *id*. at 25 (Abstract of Judgment indicates 660 "actual days" and 660 "earned credit days").

In March 2018, Murphy filed a Motion to Correct Erroneous Sentence, claiming that he had not been given good time credit when he was sentenced in October 2014. The trial court summarily denied this motion on March 20, 2018. In doing so, the court attached a copy of the Abstract of Judgment,

which the trial court noted "clearly shows credit for 660 actual days and 660 good time credit days." *Id*. at 13.

[5] On July 9, 2018, Murphy filed the instant Petition, again alleging that he had not been awarded earned credit time (also known as good time credit). The State quickly filed an objection to the motion and reminded the trial court that the issue had already been ruled upon a few months prior. Thereafter, on July 12, 2018, the trial court denied the Petition. Murphy now appeals.

## Discussion & Decision

[6] The record overwhelmingly establishes that, at the time of his original sentencing, Murphy was given 660 days of credit for time served *and* 660 days of earned credit time. On appeal, Murphy asks that we reverse and remand with instructions for the trial court to "issue a corrected Abstract of Judgment to indicate the good time credit Defendant has earned." *Appellant's Brief* at 5. The Abstract of Judgment already reflects this earned credit time. Accordingly, the trial court properly denied the Petition.

[7] Judgment affirmed.

Kirsch, J., and Vaidik, C.J., concur.